■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GIANGRASSO, Also Known as TONY GIANGRASSO, Also Known as TONY GIANGRASSE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered September 9, 1983, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

In view of the fact that defendant was fully advised of his *Miranda* rights prior to giving his statement to the police at the precinct, the trial court did not err in refusing to suppress defendant's statement. On this point, we find no merit to defendant's contention that the waiver of his *Miranda* rights was

involuntary since it was a result of deceptive assurances by a police officer that defendant would not be arrested. The officer denied ever making any such representation. To the extent that the officer told defendant's mother that if her son cooperated "maybe something" could be done, we find that such a remark did not create a substantial risk that the defendant might falsely incriminate himself thereby warranting suppression of defendant's station house statement (CPL 60.45 [2] [b] [i]). Additionally, it is significant to note that the remark was made while the officer was at defendant's home more than two hours before defendant voluntarily appeared at the station house for questioning.

Defendant's challenge to the sufficiency of his plea allocution was not preserved for appellate review since he failed to move in the court of first instance to withdraw his plea or vacate the judgment (*People v Pellegrino,* 60 NY2d 636; *People v Moore,* 91 AD2d 1050). In any event, the record clearly indicates that defendant was fully advised of his rights prior to the entering of his guilty plea and thus his plea will not be vacated (*People v Harris,* 61 NY2d 9; *People v Nixon,* 21 NY2d 338, *cert denied sub nom. Robinson v New York,* 393 US 1067).

Finally, the imposed sentence of an indeterminate prison term of 1½ to 4½ years, which was bargained for by defendant, was not harsh or excessive and thus will not be disturbed on appeal (*People v Suitte,* 90 AD2d 80; *People v Kazepis,* 101 AD2d 816). Gibbons, J. P., Weinstein, Brown and Eiber, JJ., concur.