(November 21, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TABER, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 21, 1983, convicting defendant upon his plea of guilty of the crime of arson in the third degree.

The Bible Speaks Christian Fellowship building located on Central Avenue in the City of Albany was destroyed by fire on October 6, 1982. Defendant was indicted in December 1982 in a two-count indictment charging arson in the second degree and reckless endangerment in the first degree. After an adverse *Huntley* ruling, he pleaded guilty to arson in the third degree in complete satisfaction of the indictment. It is the decision of the suppression court which constitutes the principal issue for our determination on this appeal.

The Albany Police had questioned defendant the day after

the fire. Approximately two weeks later, they approached him on the street and asked that he accompany them to the police station. Defendant was given *Miranda* warnings before being questioned. At first, defendant disavowed any personal knowledge of the fire. However, after a short period of time, defendant made both an oral and a written confession acknowledging that he had started the fire. On appeal, defendant asserts that his statements to the police were involuntary. He bases this claim on the contention that he gave the statements in return for an assurance by the police that they would see that he received medical help.

An oral or written confession of a criminal defendant cannot be used at trial if it was involuntary. The statement is involuntary when it is induced by a promise to a defendant under circumstances which create a *"substantial risk* that the defendant might falsely incriminate himself" (CPL 60.45 [2] [b] [i]; emphasis supplied). In the instant case, the only promise made by the police was to help defendant get medical help. The police detective who questioned defendant told him that the police knew he started the fire and that he needed help. Defendant acknowledged that he needed help and then confessed to commission of the arson.

The burden is on the People at a *Huntley* hearing to establish the voluntariness of a defendant's statement beyond a reasonable doubt, and here the People met that burden *(see, People v Whittle,* 96 AD2d 542; *People v White,* 85 AD2d 787). There was no evidence in the record that defendant was so vulnerable or susceptible to the promise made by the police that he would be likely to make a false incriminating statement (CPL 60.45 [2] [b] [i]; *see, Rhode Island v Innis,* 446 US 291; *Brewer v Williams,* 430 US 387; *cf. People v De Jesus,* 63 AD2d 148, *appeal dismissed* 48 NY2d 734). Although defendant's omnibus motion included a request to suppress the statements that defendant had made, the precise contention was never argued nor addressed by the introduction of evidence at the suppression hearing. There was no evidence at the suppression hearing that defendant previously had been concerned about a need for medical help or that the offer to assist him in obtaining help so overpowered his free will as to have resulted in his fabrication of an inculpatory statement.

Not every promise made by police poses the threat of inducing a defendant to make a false incriminatory statement *(People v Brown,* 123 Misc 2d 983, 985). Here, defendant was given his *Miranda* warnings, and we can find no indication in the record that the promise made by police to defendant

created the risk that he might be prompted to falsely admit to the crime *(see, People v Giangrasso,* 109 AD2d 750, 751; *People v Perry,* 77 AD2d 269, 272-273; *People v Bulger,* 52 AD2d 682). Accordingly, County Court properly denied defendant's motion for suppression of the oral and written statements.

Defendant also asserts that his sentence was harsh and excessive. We disagree. Defendant was sentenced to an indeterminate prison term of 7½ to 15 years for a class C felony to which he pleaded guilty. In imposing sentence, County Court took into consideration the nature of the crime, which involved setting fire to a building in which people were present, defendant's prior record and the fact that he was a second felony offender. Under these circumstances, the sentence imposed was not unduly harsh or excessive *(see, People v Wilmer,* 90 AD2d 918, 919).

Judgment affirmed. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.