FOURTH DEPARTMENT, FEBRUARY, 1986

(February 21, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANE HILLIARD, Also Known as DANA HILLIARD, Appellant.— Judgment unanimously reversed, on the law, and as a matter of discretion in the interest of justice, defendant's motion to suppress granted, and defendant remanded to Supreme Court, Erie County, for further proceedings on the indictment. Memorandum: Defendant's motion to suppress his confession should have been granted (CPL 60.45 [2] [b] [ii]; *Bram v United States*, 168 US 532). At the hearing on defendant's motion to suppress there was testimony from two special agents with the United States Treasury Department Bureau of Alcohol, Tobacco and Firearms to whom defendant made oral and written statements concerning his involvement in five robberies. One agent testified that he was investigating the sawed-off shotgun used in the robberies, and initially contacted defendant by telephone, at which time he advised defendant that if they got together that morning, defendant would not be placed under arrest and that after the meeting defendant would be free to go home and would sleep in his own bed that night. Defendant met with this agent and another agent for 15 minutes, and was told that he was not under arrest and was free to leave any time. Defendant was not given *Miranda* warnings. He admitted his involvement in one robbery at that meeting. Defendant met with the two agents later that same day, and they drove him to their offices at the Federal Building. Upon arrival, defendant was advised of his rights, and was told that he was not under arrest and could leave any time he wanted.

Defendant executed a rights card, and at that meeting he signed a written statement detailing his involvement in five robberies. Defendant was told he was free to leave, and one of the two agents drove him to a hospital at his request. There was testimony by one of the agents that at the afternoon meeting, defendant was told that he would eventually be arrested "by whoever" and that since he was a cooperating witness the agent would see to it that no one would arrest defendant at his house, but he could turn himself in. Defendant was never told that the agents had no jurisdiction over the robberies.

In a written opinion, the suppression court found that the People proved beyond a reasonable doubt that the defendant's statements were voluntarily made, and the court denied the motion to suppress.

Although it appears that CPL 60.45 (2) (b) (ii) was not argued before the suppression court as a ground for suppression, and therefore, not properly preserved for our review, we reach it as a matter of discretion in the interest of justice (CPL 470.15 [3] [c]). We find that under *Bram v United States (supra),* defendant's confession cannot be deemed to have been voluntary, and, therefore, the motion to suppress should have been granted. There appears to be a divergence in the application of *Bram,* some courts holding that *Bram* is to be literally applied and others that a more qualified interpretation is appropriate *(People v Bay,* 76 AD2d 592, 598-599, *appeal dismissed* 54 NY2d 808). However, we do not find it necessary on these facts to draw such a distinction, as there clearly was a promise made to defendant that he would not be arrested *(cf. People v Taylor,* 87 AD2d 771, *affd* 57 NY2d 729; *People v Diaz,* 77 AD2d 523, *affd on mem below* 54 NY2d 967; *People v Vail,* 90 AD2d 917). Defendant's plea must be vacated, the confession suppressed and the matter remitted for further proceedings. In view of our holding we do not reach the issue of whether defendant's sentence was harsh and excessive. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—robbery, first degree.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Pine, JJ.