■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH FOX, Appellant.—Judgment unanimously affirmed. Memorandum: Upon our review of the record, we agree with the suppression court that the investigators' statements about obtaining psychiatric help for defendant did not constitute a promise which rendered defendant's statement involuntary under either CPL 60.45 (2) (b) (i) or (ii). The statements in no way created a substantial risk that defendant would falsely incriminate himself (CPL 60.45 [2] [b] [i]; *People v Giangrasso,* 109 AD2d 750; *People v Diaz,* 77 AD2d 523, *affd* 54 NY2d 967, *cert denied* 455 US 957), nor were the statements made as a promise of an alternative to criminal prosecution or incarceration *(cf. People v Bay,* 76 AD2d 592). Thus, we find no violation of defendant's statutory or constitutional rights *(People v Sumeriski,* 119 AD2d 999; *cf. People v Hilliard,* 117 AD2d 969).

Furthermore, there was no violation of defendant's right to counsel. Defendant's limited references to consulting with an attorney before submitting to a voice graph, made during the course of a noncustodial interview, did not amount to an unequivocal request that counsel be present. Accordingly, the statement defendant gave to investigators during the course of a subsequent interview, at which defendant voluntarily appeared with his father, was not taken in violation of his rights *(see, People v Johnson,* 79 AD2d 201, *revd for reasons stated in dissenting opn by Callahan, J., at App Div* 55 NY2d 931).

We have examined defendant's remaining contention and find it to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—arson, second degree.) Present—Dillon, P. J., Callahan, Denman, Pine and Balio, JJ.