■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS GAINES, Appellant. (Appeal No. 2.)—Judgment unanimously reversed on the law, plea vacated and matter remitted to Supreme Court, Monroe County, for further proceedings on the indictment. Memorandum: The suppression court found that defendant's confession was illegally obtained both because of a violation of his *Miranda* rights and because the confession was induced by promises. The court, however, concluded that the promises were not of a quality that would create a substantial risk that defendant might falsely incriminate himself. Thus, the court permitted the use of the confession for impeachment purposes. In our view, this was error. Pursuant to *Bram v United States* (168 US 532), defendant's confession cannot be deemed voluntary and therefore could not be used at trial either on the People's direct case or for impeachment purposes *(see also, Mincey v Arizona,* 437 US 385; *People v Hilliard,* 117 AD2d 969). (Appeal from judgment of Supreme Court, Monroe County, Cornelius, J.—attempted burglary, second degree; possession of burglar's tools.) Present—Doerr, J. P., Denman, Balio, Lawton and Davis, JJ.