■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES KEENE, Appellant.—Judgment unanimously reversed on the law, plea vacated, defendant's motion to suppress granted, and defendant remanded to Supreme Court, Onondaga County, for further proceedings on the indictment. Memorandum: In the course of a police surveillance aimed at a rash of burglaries in DeWitt, New York, defendant was arrested and charged with burglary. With him in a car were his wife and young son. Defendant's wife was 7½ months pregnant. All were taken to the police station where, after being given *Miranda* warnings, defendant at first denied participation in any burglaries and refused to give any statement. According to defendant, he was placed in a room with a "one-way glass" where he could see his wife being interrogated by the police, allegedly with considerable vigor. A woman from

child protective services came to take his wife's son away from her. Soon thereafter, defendant's wife was transported by ambulance to a hospital after she complained that she was experiencing labor pains. A police officer told defendant that if he agreed to cooperate and admit to the burglaries, he would charge defendant's wife with a misdemeanor and give her an appearance ticket so she would not have to go to jail. Defendant then gave the police a statement which is the subject of the suppression hearing. When the police officer was asked at the *Huntley* hearing whether defendant admitted to the burglaries "because of promises you or your associates made", the witness answered: "It could be."

CPL 60.45 (1) provides that a statement involuntarily made may not be admitted into evidence. The statute, in relevant part, defines a statement involuntarily made as one obtained from defendant "[b]y a public servant engaged in law enforcement * * * by means of any promise or statement of fact, which promise or statement creates a substantial risk that the defendant might falsely incriminate himself" (CPL 60.45 [2] [b] [1]). Of course, not every promise made by police poses the threat of inducing a defendant to make a false incriminatory statement *(see, People v Fox,* 120 AD2d 949, *lv denied* 68 NY2d 812; *People v Taber,* 115 AD2d 126, 127, *lv denied* 67 NY2d 657; *People v Vail,* 90 AD2d 917; *People v Diaz,* 77 AD2d 523, *affd* 54 NY2d 967, *cert denied* 455 US 957). " 'But a confession, in order to be admissible, must be free and voluntary: that is, must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence. * * * A confession can never be received in evidence where the prisoner has been influenced by any threat or promise; for the law cannot measure the force of the influence used, or decide upon its effect upon the mind of the prisoner, and therefore excludes the declaration if any degree of influence has been exerted' " *(Bram v United States,* 168 US 532, 542-543).

It has been held that a promise made by police not to arrest defendant's girlfriend if defendant "talked" was so coercive as to render defendant's subsequent confession involuntary *(see, People v Helstrom,* 50 AD2d 685, *affd* 40 NY2d 914). Likewise, a promise that defendant would not be arrested if he made a statement was sufficient to justify suppression of defendant's subsequent confession *(see, People v Hilliard,* 117 AD2d 969, 970).

Under the facts of this case, we conclude that the tactics

used on defendant were such that his will was overborne and his confession should have been suppressed (see, People v Bay, 76 AD2d 592, 598). Not only was the promise one that would induce defendant to falsely incriminate himself, but the threat that defendant's wife would be jailed and her son taken away if defendant did not cooperate was equally compelling.

The suppression court's finding that the police conduct was not coercive because they performed their promise is irrelevant. The test for involuntariness is not whether the police actually do what they promise; it is whether the promise itself creates a substantial risk that defendant might falsely incriminate himself. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—burglary, second degree, and other charges.) Present—Doerr, J. P., Denman, Boomer, Balio and Davis, JJ.