■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JOHN HORN, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of murder in the second degree, defendant contends that both the suppression court and the trial court erred in denying his motion to suppress his written statement on the ground that it was involuntary, and that the court erred in denying his request for a mistrial based upon the prosecutor's attempt to elicit testimony that defendant had offered to take a polygraph test. Defendant's claims have no merit.

Defendant moved to suppress his statement, claiming that the police psychologically coerced him into giving it and that he was denied access to his family during questioning. Upon review of the totality of the circumstances under which the statement was made, we agree with the suppression court that defendant's will was not overborne nor was his capacity for self-determination so impaired that he was deprived of his right to due process (see, People v Anderson, 42 NY2d 35, 37-41; People v Huntley, 15 NY2d 72, 78; cf., People v Leonard, 59 AD2d 1, 12-16). We conclude that the questioning, which lasted six hours, was not overbearingly lengthy; that defendant was given and explicitly waived his Miranda rights at the outset of questioning; that the questioning took place in a nonintimidating setting; that defendant voluntarily accompanied police to the station, was not handcuffed before or during the questioning and was free to walk around the room; that defendant did not suffer from any mental deficiency or emotional problem; that the police did not deprive defendant of any physical needs; and that questioning was conducted primarily by two officers. Additionally, the record establishes that the police did not employ violence, intimidation, or illegal promises, threats or inducements. The statements of the officers complained of by defendant were couched in hypothetical terms and concerned plausible means of connecting defendant to the crime, even though they ultimately proved to be unfounded (see, People v Watson, 134 AD2d 729, lv denied 70 NY2d 961; People v Burnett, 99 AD2d 786, 787). Moreover, it is clear that none of those statements induced defendant to confess, as he testified that he knew that at least one of the statements was untrue and that the rest had to be taken "with a grain of salt". With respect to the officers' "threats" to interview members of defendant's family and show them photographs of the victim, we conclude that it was permissible for police to attempt to capitalize on defendant's sense of shame and reluctance to involve his family in the matter. Finally, the record is devoid of any indication that defendant, an emancipated adult, was deliberately isolated from his family. In fact, defendant consciously chose to confront his interrogators alone and did not ask to speak with either counsel or any family member (cf., People v Casassa, 49 NY2d 668, 681-682, cert denied 449 US 842).

The trial court properly denied defendant's renewal of his motion to suppress. Absent newly discovered evidence, there is no authority for a defendant to renew a previously determined suppression motion during trial (see, CPL 710.40 [4]). The trial

evidence bearing on the question of voluntariness did not include any facts that could not have been discovered earlier in the exercise of due diligence.

The court properly denied the request for a mistrial. Defense counsel objected to questions attempting to establish that defendant had offered to take a polygraph test. After sustaining the objection, the court issued prompt and pointed curative instructions. In these circumstances, the court did not abuse its discretion in denying a mistrial. (Appeal from judgment of Livingston County Court, Houston, J.—murder, second degree.) Present—Callahan, J. P., Denman, Boomer, Balio and Davis, JJ.