■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MOSLEY, Appellant.—Judgment unanimously affirmed. Memorandum: During presentation of the People's case, a former police officer unexpectedly testified that prior to the subject robbery, he observed two persons walking out of a "drug house". Defense counsel objected and moved for a mistrial, contending that this reference was prejudicial in that it suggested that defendant was involved with drugs. The trial court refused to grant a mistrial, and instead, directed the jury to disregard the witness's answer. Defendant's contention that the trial court abused its discretion in refusing to grant a mistrial is without merit. The court weighed various alterna-

tives and elected to provide an immediate curative instruction in a form that was acceptable to defendant's attorney. The improper statement was not purposefully elicited by the prosecution and was not of such magnitude that it deprived defendant of his right to a fair trial. Under the circumstances, the refusal to grant a mistrial was a proper exercise of discretion *(see, People v Horn,* 156 AD2d 930, *lv denied* 75 NY2d 919; *People v Banks,* 130 AD2d 498, *lv denied* 70 NY2d 709; *People v Celeste,* 95 AD2d 961).

The court did not err in refusing defendant's request for a missing witness charge. The People established that the uncalled witness would not have provided testimony different from that already presented by a prosecution witness *(see, People v Gonzalez,* 68 NY2d 424, 428). (Appeal from Judgment of Monroe County Court, Friedlander, J.—Robbery, 1st Degree.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.