■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREA SIMMS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant, a private duty nurse's aide, was convicted of forcibly stealing a diamond ring from a patient at a nursing home where she was working. Supreme Court erred in permitting cross-examination of defendant concerning her prior drug abuse and her admittance to a drug treatment program. While a defendant who chooses to testify at trial may be cross-examined with respect to any immoral, vicious or criminal acts which have a bearing on her credibility as a witness, such questioning is impermissible when its purpose is to show a propensity to commit the offense for which the defendant is being tried (People v Wright, 41 NY2d 172, 175; People v Duffy, 36 NY2d 258, 262, cert denied 423 US 861; People v Torres, 119 AD2d 508, 509).

In reviewing this record, it is apparent that the prosecutor's cross-examination and his comments during summation impermissibly implied that defendant's drug addiction indicated a propensity to commit the crime charged (see, People v Wright, supra; People v Balkum, 149 AD2d 976; People v Torres, supra; People v Hicks, 102 AD2d 173, 182-183). Moreover, the prosecutor also violated the provisions of Mental Hygiene Law § 23.05 (a) which prohibit the introduction of evidence of a person's participation in a substance abuse program against such person in any action or proceeding in any court (People v Torres, supra, at 509-510; People v Dowdell, 88 AD2d 239). However, in view of the overwhelming evidence of guilt, we conclude that any error was harmless (see, People v Crimmins, 36 NY2d 230) and does not require reversal. The victim positively identified defendant, whom she knew from the nursing home, as the person who stole her ring. In addition, another employee, who was going to the victim's room in response to her screams, saw defendant leaving the room.

We have reviewed all other matters raised on appeal and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Robbery, 3rd Degree.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.