■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOHNSON, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered August 24, 1989, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

On April 6, 1988 defendant and John Washington, both inmates at Eastern Correctional Facility in Ulster County, were discovered during an escape attempt. They overcame Derrick Hymes, a correction officer, and robbed him using a sledge hammer as a weapon. The two men then blended back into the inmate population undiscovered. A subsequent tip identified defendant and Washington as the participants and, after questioning, Washington fully implicated defendant.

Defendant was taken to the State Police barracks, given *Miranda* warnings and told that the police had substantial evidence which implicated him. The investigators indicated they believed that some of his family members were implicated and would be subpoenaed to testify before a Grand Jury if necessary. They told defendant that "because you are not a man, you don't want to stand up to what you did, somebody in your family might wind up in jail". After Special Investigator George Seyfert reminded defendant of a past favor, reiterated the evidence already at hand and promised to guarantee his safety in prison, defendant agreed to make a statement. Investigator Charles Dechon returned and repeated the *Miranda* warnings, after which defendant made a detailed confession.

Defendant and Washington were indicted and charged with attempted escape in the first degree, promoting prison contraband first degree, criminal possession of a weapon in the third degree, kidnapping in the second degree, robbery in the first degree and robbery in the second degree. At a subsequent court appearance defendant was offered a plea bargain in which a plea of guilty to attempted escape in the first degree would be accepted in full satisfaction of all counts in the indictment and a sentence of 1½ to 3 years' imprisonment be imposed. County Court denied defendant's request for a second adjournment of two weeks to consider the proposed bargain and, upon his failure to accept, the offer was withdrawn.

Following denial of defendant's suppression motion, he pleaded guilty to robbery in the first degree pursuant to another negotiated plea bargain in exchange for a prison sentence of 4½ to 9 years.

On this appeal, defendant first contends that his statement was involuntary because custodial interrogation continued after he had declined to talk to the police. The record shows that defendant neither refused nor declined to talk to the police, but rather that he disclaimed knowledge of the escape attempt. Nor is there merit to the contention that the blunt appraisal of possible ramifications and consequences of a continued investigation tainted the confession (see, People v Graham, 27 AD2d 203, affd 27 NY2d 616). It is not an improper tactic for police to capitalize on a defendant's sense of shame or reluctance to involve his family in a pending investigation (People v Kubasiak, 156 AD2d 932, 933, lv denied 75 NY2d 967) absent circumstances which create a substantial risk that a defendant might falsely incriminate himself (People v Keene, 148 AD2d 977). That circumstance does not exist here, nor did Seyfert's promise to guarantee defendant's safety in prison create such a risk (see, CPL 60.45 [2] [b]; People v Taber, 115 AD2d 126, lv denied 67 NY2d 657). We find no basis to hold that the statement was not voluntary.

We also find no merit to defendant's contention that the October 21, 1988 denial of an adjournment was error. The granting or denial of an adjournment for any purpose is a matter within the sole discretion of the trial court (People v Singleton, 41 NY2d 402, 405; People v Oskroba, 305 NY 113, 117). We find no abuse of discretion in the refusal to grant defendant a second adjournment, nor is there any merit to defendant's remaining contentions.

Casey, J. P., Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed.