■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS YOUNG, Appellant. [602 NYS2d 285] —Judgment unanimously affirmed. Memorandum: The evidence adduced at trial was sufficient to prove that defendant constructively possessed cocaine found in a bedroom in the upper apartment of 336 Gibson in Buffalo during the execution of a search warrant on December 5, 1990. Although he denied knowledge of the cocaine, defendant admitted to Detective Clementi that it was found in his bedroom and that he owned the locked box containing $2,000. Moreover, three items of mail addressed to defendant were found on the dresser in the bedroom, defendant provided the 336 Gibson address on an application for employment about two months before his arrest, and he did not file a change of address form with the post office until several days after he was arrested. Although several defense witnesses testified that defendant had moved out of 336 Gib-

son in the summer of 1990, the jury failed to credit that testimony. Matters of credibility are best left to the trier of the facts *(see, People v Gruttola,* 43 NY2d 116, 122) and, upon our review of the record, we cannot conclude that the jury failed to give the evidence the weight it should be accorded *(see, People v Bleakley,* 69 NY2d 490, 495).

County Court properly denied the motion to suppress as involuntary defendant's statements to Detective Clementi. At the *Huntley* hearing *(see, People v Huntley,* 15 NY2d 72), Detective Clementi testified that he advised defendant of his rights before defendant made any statements. Although Detective Clementi did inform defendant that defendant's brother was under arrest, there was clearly probable cause to arrest defendant's brother *(see, People v Oxx,* 155 AD2d 851, 852, *lv denied* 76 NY2d 740). Moreover, it is not necessarily an improper tactic for the police to capitalize on a defendant's "reluctance to involve his family in a pending investigation" so long as the circumstances do not create a substantial risk that the defendant might falsely incriminate himself *(People v Johnson,* 177 AD2d 791, 792; *see also, People v Horn,* 156 AD2d 930, 931, *lv denied* 75 NY2d 919). The circumstances presented here do not rise to that level *(cf., People v Keene,* 148 AD2d 977, 978). Finally, any promises made to defendant in exchange for his revealing his sources for cocaine were made after defendant gave the statements that he sought to suppress. Thus, the promises could not have induced defendant to make those statements.

We reject defendant's contention that County Court erred by denying summarily the motion to set aside the verdict based upon possible juror misconduct. The affidavit of one of the jurors presented by defendant failed to allege "improper outside influence on jury deliberations" *(People v Rukaj,* 123 AD2d 277, 280; *see also, People v Brown,* 48 NY2d 388, 393; *cf., People v Thomas,* 184 AD2d 1069, 1070, *lv denied* 80 NY2d 934). "[V]ague and generalized allegations of premature deliberations and predisposed jurors" do not warrant the setting aside of the verdict *(People v Redd,* 164 AD2d 34, 37). (Appeal from Judgment of Erie County Court, McCarthy, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Balio, Lawton, Doerr and Boehm, JJ.