■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD O. PUGH, Appellant. [607 NYS2d 761] —Judgment unanimously affirmed. Memorandum: Defendant's confession was properly admitted into evidence. Statements made by the investigating officers that they would try to get psychological help for defendant did not render his subsequent confession involuntary *(see, People v Baird,* 167 AD2d 693, *lv denied* 77 NY2d 903; *People v Fox,* 120 AD2d 949, *lv denied* 68 NY2d 812; *People v Taber,* 115 AD2d 126, *lv denied* 67 NY2d 657).* The prosecutor did not violate County Court's *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371) by asking defendant on cross-examination whether he told police officers that he had received psychological treatment in Florida. County Court's *Sandoval* ruling was that the prosecutor could not cross-examine defendant concerning his Florida conviction and it did not extend to prohibiting the prosecutor from eliciting evidence concerning counseling that defendant had received. The evidence was elicited, not on the issue of propensity *(cf., People v Simms,* 174 AD2d 979, *lv denied* 78 NY2d 974), but on the issue of the voluntariness of defendant's confession. Moreover, were we to find that the evidence was erroneously admitted,

we would find the error harmless in light of the overwhelming proof of defendant's guilt *(see, People v Crimmins,* 36 NY2d 230). We decline to modify defendant's sentence in the interest of justice. (Appeal from Judgment of Oneida County Court, Merrell, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Balio, Fallon, Doerr and Davis, JJ.