■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY RICHARDSON, Appellant. [609 NYS2d 981] —Judgment unanimously affirmed. Memorandum: Defendant appeals from his conviction of assault in the third degree, bringing up for review a pretrial order denying his motion to suppress his statements to police. Defendant's sole contention is that the statements were involuntarily obtained by means of a promise. We disagree.

A statement is not involuntary unless defendant's will has been overborne so that the statement was not the product of essentially free and unconstrained choice *(see, Arizona v Fulminante,* 499 US 279; *Colorado v Connelly,* 479 US 157; *Schneckloth v Bustamonte,* 412 US 218; *People v Anderson,* 42 NY2d 35). The mere making of a promise, " 'however slight' " *(Bram v United States,* 168 US 532, 543), will not automatically invalidate a confession *(see, People v Fox,* 120 AD2d 949, *lv denied* 68 NY2d 812 [promise to obtain psychological help for defendant]; *People v Diaz,* 77 AD2d 523, *affd* 54 NY2d 967, *cert denied* 455 US 957 [statements that defendant, by confessing, would "help" himself]; *United States v Reed,* 572 F2d 412, *426, cert denied sub nom. Goldsmith v United States,* 439 US 913 [promise to recommend reasonable or reduced bail]; *United States v Cone,* 354 F2d 119, 122, *cert denied* 384 US 1023 [promise to bring cooperation to attention of U. S. attorney]). The determination whether a confession has been coerced depends upon the totality of the circumstances *(see, Schneckloth v Bustamonte, supra,* at 226; *People v Anderson, supra,* at 38).

Here, the fact that defendant's confession was preceded by the officer's assurance that defendant would not be arrested "at this time" did not render the circumstances inherently

coercive or overbearing. By a prearranged meeting, defendant voluntarily accompanied the officer to the Public Safety Building. The circumstances of the interview were noncustodial and nonthreatening. Despite the fact that defendant was not in custody, he was informed of his *Miranda* rights and waived them. The interview lasted less than an hour and a half, and defendant was driven home as promised. Under the totality of the circumstances, defendant's will was not overborne and the statement was not coerced. *People v Hilliard* (117 AD2d 969), relied upon by defendant, is distinguishable. The rule is that an inducement is impermissible if it constitutes a "promise of an alternative to criminal prosecution or incarceration" *(People v Fox, supra,* at 949, *citing People v Bay,* 76 AD2d 592). Unlike the promise in *Hilliard,* the promise made to defendant did not imply that he would receive lenient treatment or not be prosecuted, only that he would not be arrested "at this time".

We further conclude that the assurance that defendant would not be arrested "at this time" did not create "a substantial risk that the defendant [might] falsely incriminate himself" *(People v Fox, supra,* at 949; *cf., People v Engert,* 202 AD2d 1023 [decided herewith]; *People v Taber,* 115 AD2d 126, 127-128, *lv denied* 67 NY2d 657; *People v Giangrasso,* 109 AD2d 750). (Appeal from Judgment of Supreme Court, Monroe County, Wesley, J.—Assault, 3rd Degree.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.