■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS ENGERT, Appellant. [609 NYS2d 979] —Judgment unanimously affirmed. Memorandum: The suppression court properly denied the motion of defendant to suppress the written statement that he gave to police. Contrary to the contention of defendant, the record reflects that he was given his *Miranda* warnings twice before he voluntarily waived those rights and gave his statement to the police. We conclude that defendant was not subject to continuous interrogation so as to render the warnings ineffective *(see, People v Chapple,* 38 NY2d 112; *People v Salem,* 167 AD2d 840, *lv denied* 77 NY2d 911). The record also discloses that defendant made no incriminating statements after he was taken into custody and before the warnings were given.

Further, we reject the contention of defendant that his written statement should have been suppressed as involuntary on the ground that it was obtained based upon a promise made by the police. The statement by one of the officers that, if defendant cooperated, such cooperation would "help him, if anything, in the long run", did not constitute a promise that rendered defendant's statement involuntary under either statutory (see, CPL 60.45 [2] [b] [i]) or constitutional standards (see, CPL 60.45 [2] [b] [ii]; see also, Arizona v Fulminante, 499 US 279). That statement did not "create * * * a substantial risk that defendant might falsely incriminate himself" (CPL 60.45 [2] [b] [i]; see also, People v Richardson, 202 AD2d 958 [decided herewith]; People v Fox, 120 AD2d 949, lv denied 68 NY2d 812; People v Diaz, 77 AD2d 523, affd 54 NY2d 967, cert denied 455 US 957), nor was it of such a nature that, under the totality of the circumstances, defendant's will was overborne (see, Arizona v Fulminante, supra; People v Robinson, 202 AD2d 1044 [decided herewith]; cf., People v Keene, 148 AD2d 977, 978-979; People v Hilliard, 117 AD2d 969, 970). Additionally, defendant testified that another officer promised to try to get him lifetime probation if he cooperated with the police in "getting" his supplier. That officer denied making that statement. Thus, defendant's contrary testimony merely presented a credibility question for the suppression court to resolve (see, People v Gessner, 188 AD2d 1079, lv denied 81 NY2d 1073). In any event, under either statutory or constitutional standards, the officer's statement, if made, did not constitute a promise that rendered defendant's statement involuntary (see, CPL 60.45 [2] [b] [i], [ii]; People v Perry, 77 AD2d 269, 271).

Lastly, we reject the contention of defendant that his written statement and the paper containing a telephone number of defendant's alleged supplier should have been suppressed as the fruits of an illegal arrest. The suppression court's conclusion that the police had probable cause to arrest defendant is supported by the record and should not be disturbed. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.