■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO GONZALEZ, Appellant. [615 NYS2d 191] —Judgment unanimously affirmed. Memorandum: During voir dire and after the direct examination of a prosecution witness, defendant moved for a mistrial because a prospective juror spontaneously commented that "he [defendant] use [sic] to beat up a girl". County Court questioned the prospective juror about that statement and her ability to be impartial before deciding whether to grant a mistrial. Following the direct examination of a prosecution witness and upon defendant's request, the court gave a curative instruction and defense counsel ex-

pressed satisfaction with that instruction. The record does not reveal whether that prospective juror or any of the other prospective jurors present when the statement was made actually served on the jury. Under the circumstances, defendant failed to demonstrate that he was prejudiced by the comment and, in light of defendant's satisfaction with the curative instruction, the court did not abuse its discretion in refusing to grant a mistrial (see, People v Mosley, 170 AD2d 990, lv denied 77 NY2d 964; People v Horn, 156 AD2d 930, lv denied 75 NY2d 919).

Prosecutorial misconduct did not deprive defendant of a fair trial. The prosecutor, on cross-examination of defendant, engaged in misconduct by improperly questioning defendant whether prosecution witnesses were lying (see, People v Herman, 187 AD2d 1027, 1028) and insinuating that defendant was lying because he looked away from the prosecutor while testifying (see, People v Grice, 100 AD2d 419, 421). The prosecutor, during summation, improperly vouched for the credibility of prosecution witnesses (see, People v Dunn, 158 AD2d 941, 942, lv denied 76 NY2d 734) and improperly commented that defendant was as guilty as the length of the trial, that defendant's chain of custody challenge was a "red herring", that defendant's claim of inability to speak English was a ruse and that defendant was lying (see, People v Bailey, 58 NY2d 272, 277; People v Ellis, 188 AD2d 1043, 1044, lv denied 81 NY2d 970; People v Dunn, supra). We note, however, that comments concerning the credibility of witnesses constituted fair response to the defense summation or permissible rhetorical comment (see, People v Galloway, 54 NY2d 396, 399). Further, the improprieties were not so pervasive or egregious as to deprive defendant of a fair trial (cf., People v Mott, 94 AD2d 415, 418-419).

There is no merit to defendant's contentions that the court gave an improper jury instruction on the agency defense, that the verdict is contrary to the weight of evidence or that the sentence imposed upon defendant is harsh or excessive. (Appeal from Judgment of Ontario County Court, Harvey, J.— Criminal Sale Controlled Substance, 3rd Degree.) Present— Green, J. P., Balio, Fallon, Callahan and Davis, JJ.