■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONNA ROSE, Appellant. [652 NYS2d 435] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that her oral and written statements should have been suppressed because she did not knowingly and intelligently waive her *Miranda* rights. Great weight must be accorded the determination of the suppression court because of its ability to observe and assess the credibility of the witnesses, and its findings should not be disturbed unless clearly erroneous (*see, People v Prochilo,* 41 NY2d 759, 761; *People v Hill,* 175 AD2d 603). The record supports the suppression court's determination that defendant knowingly and intelligently waived her *Miranda* rights. The record also fails to support the contention of defendant that her statements to the police were involuntarily made because they were obtained by law enforcement officers "by means of any promise or statement of fact, which promise or statement creates a substantial risk that the defendant might falsely incriminate [her]self" (CPL 60.45 [2] [b] [i]; *see, e.g., People v Fox,* 120 AD2d 949, *lv denied* 68 NY2d 812; *People v Taber,* 115 AD2d 126, 127-128, *lv denied* 67 NY2d 657; *People v Giangrasso,* 109 AD2d 750, 751).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Callahan, Doerr and Boehm, JJ.