■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LATSON, Appellant. [672 NYS2d 561] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts of murder in the second degree (Penal Law §§ 20.00, 125.25 [1], [3]), three counts of robbery in the first degree (Penal Law §§ 20.00, 160.15 [1], [2], [4]), and one count of criminal possession of a weapon in the second degree (Penal Law §§ 20.00, 265.03). We reject his contention that County Court abused its discretion in denying his two motions for a mistrial (*see, People v Ortiz*, 54 NY2d 288, 292). The first motion followed the testimony of a police investigator that defendant, during questioning at police headquarters, asked to speak to a different investigator whom he knew from a "prior incident". After denying defendant's motion, the court gave curative instructions that sufficiently

eliminated any prejudice that defendant may have suffered (*see, People v Heck*, 229 AD2d 931).

Defendant again moved for a mistrial after the prosecutor, during her cross-examination of defendant, asked him whether he had been "kicked out of school", to which defendant responded that he had. Earlier, however, defendant's home tutor had testified without objection that home tutoring was given to students on long-term suspension for a number of reasons, including "anything from illness to fractures, psychiatric help", that he did not know the reason for defendant's suspension, and that defendant did not appear to be injured or sick. Although the court denied defendant's second motion for a mistrial, it sustained the objection to the prosecutor's question, and we conclude that any prejudice resulting from that question was minimal and did not deprive defendant of a fair trial (*see, People v Mosley,* 170 AD2d 990, 991, *lv denied* 77 NY2d 964).

Defendant failed to preserve for our review his challenge to the court's instruction on the presumption of innocence, and we decline to exercise our discretion to reach it in the interest of justice (*see, People v Gray,* 186 AD2d 1058, *lv denied* 81 NY2d 840). Finally, there is no merit to the contention that the sentence is unduly harsh or severe. (Appeal from Judgment of Monroe County Court, Maloy, J.—Murder, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.