■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TIMOTHY BENNETT, Appellant. [748 NYS2d 116] —Appeal

from a judgment of Orleans County Court (Punch, J.), entered April 12, 2000, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [3]) and robbery in the first degree (§ 160.15 [1]), defendant contends that he was deprived of a fair trial by prosecutorial misconduct on summation. We reject that contention. The isolated remark at issue was not so egregious as to deprive defendant of a fair trial (*see People v Robinson*, 267 AD2d 981, 981, *lv denied* 95 NY2d 838; *People v Tolliver*, 267 AD2d 1007, 1008, *lv denied* 94 NY2d 908). Moreover, the curative instruction, which was proposed by defense counsel and which the jury is presumed to have followed (*see People v Kimble*, 289 AD2d 1062, 1063; *People v Massimi*, 191 AD2d 969), negated any prejudice to defendant (*see People v Eldridge*, 288 AD2d 845, *lv denied* 97 NY2d 681; *People v Marzug*, 280 AD2d 974, 975, *lv denied* 96 NY2d 904).

County Court properly denied the motion of defendant to suppress his initial statement to the police. The evidence at the suppression hearing establishes that defendant voluntarily met with investigators and accompanied them to the police station, and that defendant had no reason to believe that he was not free to leave until after the questioning was completed. We therefore agree with the suppression court that defendant was not in custody when questioned and that *Miranda* warnings were not required (*see People v Greene*, 292 AD2d 832; *People v Stone*, 283 AD2d 980, *lv denied* 96 NY2d 925; *People v Hurley*, 154 AD2d 617, 618). In any event, any error in refusing to suppress defendant's initial statement is harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237; *People v Thompson*, 295 AD2d 917; *People v Snyder*, 281 AD2d 894, *lv denied* 96 NY2d 868). Subsequent statements by defendant, which also were admitted at trial, were more incriminating than his initial statement.

The court properly admitted evidence of defendant's subornation of perjury. "Evidence that a defendant attempted to procure false testimony or to corrupt a witness is generally admissible as evidence of consciousness of guilt" (*People v Violante*, 144 AD2d 995, 996, *lv denied* 73 NY2d 897, citing *People v Davis*, 43 NY2d 17, 26, *cert denied* 435 US 998, *rearg dismissed* 61 NY2d 670; *see generally People v Leyra*, 1 NY2d 199, 208-209). Moreover, the probative value of the evidence

outweighed its potential for prejudice to defendant (*cf. People v Pugh,* 236 AD2d 810, 812, *lv denied* 89 NY2d 1099; *see generally Davis,* 43 NY2d at 27). Finally, we conclude that the court did not err in admitting defendant's grand jury testimony (*see People v Curdgel,* 83 NY2d 862, 864-865). Contrary to defendant's contention, the grand jury testimony was not involuntary within the meaning of CPL 60.45 (2) (b) (i) merely because it was induced by a promise of leniency (*see generally People v Ward,* 241 AD2d 767, 769-770, *lv denied* 91 NY2d 837; *People v Richardson,* 202 AD2d 958, *lv denied* 83 NY2d 914; *People v Keene,* 148 AD2d 977, 978). Present—Pine, J.P., Hurlbutt, Kehoe, Gorski and Lawton, JJ.