THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY BORDEN, Appellant. [835 NYS2d 786]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered August 24, 2005. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [3]) and endangering the welfare of a child (§ 260.10 [1]), defendant contends that his statement to the police in which he admitted that he had sex with the victim was coerced and that Supreme Court therefore erred in refusing to suppress the statement. We reject defendant's contention. The testimony at the suppression hearing establishes that defendant voluntarily came to the police station to answer questions and was permitted to return home after the two-hour interview during which he made the statement. "The circumstances of the interview were noncustodial and nonthreatening" (*People v Richardson*, 202 AD2d 958, 959 [1994], *lv denied* 83 NY2d 914 [1994]) and, indeed, although defendant was not in custody, he was informed of his *Miranda* rights and waived them before he made the statement. "Under the totality of the circumstances, defendant's will was not overborne and the statement was not coerced" (*id.*; *see People v Mateo*, 2 NY3d 383, 413-416 [2004], *cert denied* 542 US 946 [2004]).

Contrary to the further contention of defendant, the court did not err in refusing to grant a mistrial based upon the People's delay in disclosing photographs of the victim. Defendant was afforded time in which to review the photographs prior to their introduction in evidence, and defendant failed to establish that he was substantially prejudiced by the delay to warrant a mistrial (*see People v Delatorres*, 34 AD3d 1343 [2006]).

Defendant failed to renew his motion to dismiss the indictment after presenting evidence and thus failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). Defendant also failed to preserve for our review his challenge to the court's jury charge (*see* CPL 470.05 [2]) and, in any event, that contention is without merit. Upon our review of the record, we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present— Hurlbutt, J.P., Gorski, Smith, Fahey and Green, JJ.