THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH F. SANDERSON, Appellant. [891 NYS2d 571]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of criminal sexual act in the first degree (Penal Law § 130.50 [3]), sexual abuse in the first degree (§ 130.65 [3]), and endangering the welfare of a child (§ 260.10 [1]). We conclude that County Court properly denied the motion of defendant to suppress his statement to the police. "A statement is not involuntary unless [a] defendant's will has been overborne so that the statement was not the product of essentially free and unconstrained choice" (*People v Richardson*, 202 AD2d 958, 958 [1994], *lv denied* 83 NY2d 914 [1994]). The evidence at the *Huntley* hearing establishes that defendant voluntarily arranged to go to the police station to speak with an investigator about the allegations against him. Defendant and the investigator met in an unsecured office and spoke for approximately 15 to 20 minutes and, at the conclusion of their meeting, defendant left the station with his wife. Thus, "[t]he circumstances of the [meeting] were noncustodial and nonthreatening" (*id.* at 959; *see People v Borden*, 39 AD3d 1242 [2007], *lv denied* 9 NY3d 873, 959 [2007]).

Defendant's further contention that the court erred in failing to charge the jury on the issue of the voluntariness of defendant's statement is unpreserved for our review (*see* CPL 470.05 [2]). Although defendant testified during the trial that his statement was involuntary (*see* CPL 710.70 [3]), he did not object when the statement was admitted in evidence, he failed to request a charge on the voluntariness of the statement, and he did not object to the charge as given (*see People v Cefaro*, 23 NY2d 283, 288-289 [1968]; *People v Congelosi*, 266 AD2d 930, 930-931 [1999], *lv denied* 95 NY2d 794 [2000]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant also failed to preserve for our review his contention that the conduct of a juror deprived him of the right to a fair trial and an impartial jury, inasmuch as defendant did not object to the court's inquiry of that juror, seek to discharge the juror, or move for a mistrial on that ground (*see People v Wright*, 16 AD3d 1113 [2005], *lv denied* 4 NY3d 857 [2005]). In any event, " 'there is no basis to conclude that the juror in question should have been discharged as grossly unqualified' " (*id.* at 1114; *see* CPL 270.35 [1]; *People v Buchholz*, 23 AD3d 1093, 1094 [2005], *lv denied* 6 NY3d 846 [2006]).

We further conclude that, contrary to defendant's contention, the evidence is legally sufficient to support the conviction of endangering the welfare of a child with respect to the older of the two victims. Although the jury found defendant not guilty of any sexual misconduct involving that victim, Penal Law § 260.10 (1) is "broadly written and imposes criminal sanction for the mere 'likelihood' of harm" (*People v Johnson*, 95 NY2d 368, 372 [2000]). Here, viewing the facts in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that a rational jury could have found that defendant "knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare of [the] child" (Penal Law § 260.10 [1]), based on testimony that, inter alia, defendant attempted to kiss the victim while he was alone with her.

Moreover, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Although an acquittal would not have been unreasonable in light of the fact that the credibility of one of the victims was challenged at trial and defendant recanted his prior confession (*see generally Danielson*, 9 NY3d at 349), we afford " 'deference to the jury's superior opportunity to assess the

witnesses' credibility' " (*People v Marshall*, 65 AD3d 710, 712 [2009]), and we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495).

Finally, although defendant had no prior criminal history, we conclude that the sentence is not unduly harsh or severe, particularly in view of the nature of the crimes, the ages of the victims, and the failure of defendant to accept responsibility for his actions.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Peradotto, Carni, Pine and Gorski, JJ.