People v Mechebek (2023 NY Slip Op 51006(U))

[*1]

People v Mechebek (Ahmed)

2023 NY Slip Op 51006(U)

Decided on September 26, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 26, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

570190/17

The People of the State of New York, Respondent,
against
Ahmed Mechebek, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Heidi C. Cesare, J. at plea, Josh E. Hanshaft, J. at sentencing), rendered February 2, 2017, convicting him, upon his plea of guilty, of endangering the welfare of a child, and imposing sentence.

Per Curiam.
Judgment of conviction (Heidi C. Cesare, J. at plea, Josh E. Hanshaft, J. at sentencing), rendered February 2, 2017, affirmed.
Since defendant waived prosecution by information, the accusatory instrument had to satisfy the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 524 [2014]). So viewed, the accusatory instrument was jurisdictionally valid, since it provided reasonable cause to believe that defendant was guilty of endangering the welfare of a child (see Penal Law § 260.10[1]). The information - comprising the misdemeanor information and the supporting deposition of the complainant - alleged that on November 25, 2015, at about 5:01 p.m., at a specified location, defendant "placed his arms around" the shoulders of the sixteen-year-old complainant and "attempt[ed] to kiss her on the mouth multiple times, while the defendant repeatedly stated: Just one kiss"; and that the complainant did not consent to defendant touching her. These factual allegations were sufficient, for pleading purposes, to establish that defendant knowingly acted in a manner likely to be injurious to the complainant's mental, physical or moral welfare (see People v Johnson, 95 NY2d 368, 372 [2000]; People v Sanderson, 68 AD3d 1716, 1717 [2009], lv denied 14 NY3d 844 [2010]) and provided adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy (see People v Kasse, 22 NY3d 1142, 1143 [2014]). 
Since the information was jurisdictionally valid with respect to the offense to which defendant pleaded guilty, he is not aggrieved by any alleged defects in the other charged offenses [*2](see People v Ruiz, 146 AD3d 417 [2017], lv denied 28 NY3d 1188 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 26, 2023