■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. KNIGHTON, Appellant. — Appeal from a judgment of the County Court of Ulster County (Clyne, J.), rendered January 16, 1982, convicting defendant upon his plea of guilty of the crime of arson in the third degree. On December 20, 1979, in the course of investigating a fire in an apartment house, the police brought defendant to the Ellenville station house and told him they had received information that he had started the fire. Defendant was read his *Miranda* rights, waived them in writing, and stated that he had not set the fire. When asked if he would be willing to take a polygraph test, defendant responded that he would talk it over with his parents, and left. Six days later, on December 26, defendant returned to the police station on his own and said that he would take a polygraph test. The test was set for December 28 at the New York State Police barracks in Middletown. On the morning of December 28, the police called defendant to check whether he wanted to be picked up at home. Defendant declined, went to the station house, and from there was driven by two police officers to Middletown police barracks, about half an hour away. When they arrived, Investigator O'Leary, the polygraph examiner, gave defendant a booklet to read about the polygraph and then gave him the polygraph examination agreement and release form, which included *Miranda* rights and which defendant signed. After going over the questions to be asked on the test with defendant, O'Leary administered the test. Following the test, O'Leary told defendant that he felt defendant was not being truthful and urged him to tell the truth, and shortly thereafter defendant admitted that he had started the fire. O'Leary then called in the Ellenville police officers, who took a written statement from defendant. At a subsequent suppression hearing, the court denied defendant's motion to suppress the post-polygraph statement. Defendant pleaded guilty to arson in the third degree. On this appeal, defendant contends that his inculpatory statement following the polygraph was involuntary in that it was psychologically coerced by the polygraph. The Court of Appeals recently held in *People v Tarsia* (50 NY2d 1) that a confession following voluntary participation in such a test is not inadmissible as a matter of law, but rather, the particular circumstances of each case must be examined to determine whether the statement was voluntary or coerced (*id.*, at p 10; see, also, *People v Anderson*, 42 NY2d 35, 38). Defendant contends that he was subject to psychological pressure in that the police called his home early on December 28 to find out if he was coming and that he might not have gone

otherwise because he had a change of heart about taking the polygraph; that he was driven alone with two police officers to Middletown, about half an hour from his home, for the test; and that he was told that the machine showed he was lying and was browbeaten into giving a confession. Calling defendant at home to ascertain if he was still planning to take the test and to see if he wanted to be picked up at home rather than to meet at the local station house can hardly be called coercive police conduct. Nor is the mere fact that defendant was driven half an hour alone with two officers to the State Police test location a coercive factor; defendant does not claim that he was threatened or browbeaten in any way during this ride. Moreover, nothing in the record suggests that defendant was not free to take a family member, friend or lawyer with him to the Middletown police barracks if he had so wished. Finally, defendant's claims that he was told that the machine showed he was lying and was browbeaten into a confession were strongly denied by the police officers involved, and, therefore, presented a question of credibility for the suppression court's determination, which must be accorded much weight because of the court's advantage in having seen and heard the witnesses (*People v Prochilo,* 41 NY2d 759, 761; *People v Leonard,* 59 AD2d 1, 13). *People v Leonard (supra)* and *People v Zimmer* (68 Misc 2d 1067, affd 40 AD2d 955), relied upon by defendant, are clearly distinguishable from the instant case. In both cases, the police admitted misrepresenting to the defendants that the polygraph had proved they were lying and that the test results would be admissible against them in a trial. In *Leonard,* the officers also told the defendant that the polygraph machine was infallible and physically threatened him if he didn't admit his lies (*People v Leonard, supra,* pp 9-10; *People v Zimmer, supra,* pp 1069-1070; see, also, *People v Tarsia, supra,* p 11). The instant case evidences no such egregious police tactics, and defendant makes no claim that the officers misrepresented to him that the machine was infallible or that the test results were admissible in a trial. Therefore, it appears that at most defendant's confession was "the product of the permissible intimation that it was useless for [defendant] to conceal his culpability any longer" (*People v Tarsia,* 50 NY2d 1, 12, *supra*). Accordingly, the judgment should be affirmed. Judgment affirmed. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.