■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BULLOCK, JR., Appellant.—Harvey, J. Appeal from a judgment of the Supreme Court at Trial Term (Crew, III, J.), rendered May 10, 1985 in Chemung County, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

On December 2, 1984, defendant allegedly subjected his young stepsister to sexual contact. Two days later, a police officer went to defendant's residence to question him regarding the incident. After being informed of his *Miranda* rights, defendant denied the incident. He agreed, however, to take a polygraph test. On December 5, 1984, defendant was given a polygraph test at the State Police station in the Town of Horseheads, Chemung County. Prior to administering the test, defendant was given a polygraph examination and release form. Included was an explanation of his *Miranda* rights, which defendant signed. During the test, defendant again denied that the incident had occurred. The officer conducting the test stated to defendant that the test indicated that he was not telling the truth. Defendant then confessed to the crime and subsequently pleaded guilty. This appeal ensued.

Defendant's sole contention on appeal is that his incriminating statements, made following the polygraph test, should have been suppressed. This argument, as stated in his brief, is based on the conjecture that defendant "could certainly have been under the impression that statements made by him * * * were made solely for the purpose of the polygraph test". A confession following voluntary participation in a polygraph test is admissible if the circumstances indicate that it was not psychologically coerced (*People v Tarsia*, 50 NY2d 1; *People v Knighton*, 91 AD2d 1077). Nothing in the record indicates that

the police here used coercion. The polygraph test was explained to defendant before it was administered. Defendant admits that he was informed of his *Miranda* rights prior to questioning. The form which was read to him, and which he signed, explicitly stated that his statements could be used in court. Accordingly, defendant's motion to suppress was properly denied.

Judgment affirmed. Kane, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.