■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HARRIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered January 6, 1983, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (O'Brien, J.), after

a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made to the police.

Ordered that the judgment is affirmed.

On March 27, 1982, the defendant struck his daughter, who was then three months old, in the head, with an open hand, while she was seated in an infant's chair. The force of that single blow caused the infant to be thrown from her seat onto the floor. As a consequence, the child suffered an extensive skull fracture, remained on the critical list for a period of approximately 3 to 4 weeks, and experienced seizures on two occasions which nearly caused her death. Because of his actions, the defendant now stands convicted of assault in the first degree.

We find, as did the hearing court, that the defendant freely and voluntarily confessed his guilt to the crime of assault in the first degree after having been duly advised of his constitutional rights. We further reject the defendant's contention that he was psychologically coerced into confessing by virtue of certain statements made by a police polygraph technician.

The record before us discloses that the defendant willingly agreed to submit to a polygraph examination. The defendant, at the time, was neither under arrest nor in police custody. He was informed, at the outset, that he was under no obligation to take the test nor did the technician affirmatively misrepresent that the procedure was infallible or that the results could be used against him. Rather, the polygraph examiner merely advised the defendant that the purpose of the examination was to ascertain whether he had been truthful when he apprised the police that the injuries sustained by his daughter were purely accidental, and that, by logical extension, it would best serve the defendant's interests if he resolved "any problems" before he took the exam. It was at this juncture that the defendant requested to speak with the investigating detective, whereupon he orally confessed his guilt, after the administration of *Miranda* warnings.

In *People v Tarsia* (50 NY2d 1), the Court of Appeals, confronted with a similar issue, concluded that the defendant's oral and written inculpatory statements were not rendered involuntary merely because they followed his consensual participation in a voice stress evaluation test. The court, in rejecting the defendant's argument that the examination had been misused so as to deliberately extract a confession, noted: "such stratagems need not result in involuntariness without some showing that the deception was so fundamen-

tally unfair as to deny due process * * * or that a promise or threat was made that could induce a false confession" *(People v Tarsia, supra,* at 11; *see also, People v Zehner,* 112 AD2d 465; *People v Horton,* 30 AD2d 709, *cert denied* 394 US 991; *People v Wilson,* 78 Misc 2d 468, *affd* 47 AD2d 671).

The polygraph technician at bar did not engage in egregious or deceptive police tactics. He merely identified the relevant issues for the defendant and explained the function and utility of the procedure so as to enable the defendant to make. a voluntary and informed decision regarding whether he should proceed. Moreover, and of foremost importance, the defendant was not in police custody when he consented to the examination and had been fully informed of his rights when he finally confessed. Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements *(see, People v Knighton,* 91 AD2d 1077).

We further note that the defendant's contention regarding the propriety of his plea allocution is unpreserved for appellate review. In any event, it is without merit *(see, People v Wages,* 111 AD2d 198; *People v Williams,* 40 AD2d 1023). His request for a sentence reduction is also without merit. Brown, J. P., Niehoff, Eiber and Sullivan, JJ., concur.