■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD FISCH, Appellant.—Appeal by the defendant from a judgment of the County Court, Putnam County (Sweeney, J.), rendered November 18, 1987, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Shortly after 8:00 P.M. on the evening of Saturday, January 24, 1987, the police were summoned to the home of Edward and Lynn Fisch in Putnam Valley, New York. Upon their arrival, they discovered that the Fisch's eight-month old daughter Jessica had been fed lye and was then strangled in an attempt to either prevent her from regurgitating or from screaming. Despite the strangulation, the child had regurgitated, resulting in disfiguring burns to her face, in addition to severe chemical burns to her mouth and esophagus caused by the ingestion of lye. Although the infant survived, she is now

retarded because her brain was deprived of oxygen during the strangulation.

The police investigation revealed that the father, the defendant Edward Fisch, fed his daughter a jar of green beans at noon that day, while the mother fed Jessica mixed vegetables and milk at about 3:00 P.M. Both baby food products were subsequently found to be contaminated with lye—the mixed vegetables to a greater degree than the green beans—of a kind consistent with the caustic soda (sodium hydroxide) used in "Red Devil" drain opener. A half-empty can of this drain opener was found in the Fisches' garbage, discarded outside of their home.

The evidence adduced at the hearing establishes that when the defendant was told that the baby food products were contaminated with a poisonous substance, he volunteered to take a lie detector test to validate his assertion that he was not responsible. The results of the polygraph examination did not, however, support the defendant's claim that he was innocent, and upon being so advised, he confessed that he had taken the Red Devil drain opener out from under the kitchen sink and introduced it into Jessica's food before feeding her.

On appeal the defendant contends, *inter alia,* that the hearing court erred in refusing to suppress his confession because it was the product of psychological coercion. We disagree. A confession made following voluntary participation in a polygraph examination is admissible if the circumstances indicate that it was not psychologically coerced *(see, People v Tarsia,* 50 NY2d 1; *People v Bullock,* 122 AD2d 302; *People v Knighton,* 91 AD2d 1077), and upon our review of the record, we perceive no basis to overturn the hearing court's findings that the defendant's statements were freely and voluntarily given, and were not the product of coercion. The hearing testimony demonstrates that the defendant volunteered to take a lie detector test in order to establish that he was not involved in poisoning Jessica, and he himself admitted at the hearing that he agreed to take the examination because he wanted to "clear this [matter] up" and because he expected to pass the test. There is no indication that the defendant was emotionally distraught during or after the polygraph test, and the police did not use threats or chicanery, or put words in his mouth. Moreover, the polygraph operator did not misinform the defendant as to the accuracy of the procedure or the admissibility of the test questions *(see, People v Tarsia, supra).* Indeed, to the contrary, the examiner gave the defendant literature describing how the polygraph apparatus worked,

and explained that it responded to changes in the subject's heart rate and metabolism. The polygraph examiner further warned the defendant that although the test itself was investigatory, statements made during the course of the test could be produced in court. Moreover, throughout the test the examiner followed "standard polygraph operating procedure" which included repeatedly advising the defendant that he was free to stop the test and leave at any time, discussing test questions with the defendant before posing them, and discussing the test results with him at the conclusion of the examination (cf., People v Dyla, 142 AD2d 423). Under these circumstances, the hearing court properly rejected the defendant's claim of psychological coercion.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The combination of the defendant's admissions coupled with the powerful circumstantial evidence, establishes his guilt beyond a reasonable doubt (People v Rumble, 45 NY2d 879). We note that when the injured child was first being transported to the hospital by emergency medical technicians, the defendant made various statements indicative of a consciousness of guilt, such as that he knew the situation "looked bad", but that he thought the child had fallen; and that the baby always had a blotched face. Moreover, the defendant identified the caustic substance in the child's food as Red Devil granules before the police told him that they had found the half-filled can of Red Devil, whose lye composition matched that which caused the infant's burns. We further reject the defendant's contention that the verdict is against the weight of the evidence. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find that they are without merit. Thompson, J. P., Bracken, Eiber and Rosenblatt, JJ., concur.