■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS JOHNSON, Appellant.—Judgment of Supreme Court, New York County (Rena Uviller, J.), rendered April 26, 1990, which convicted defendant upon his plea of guilty to attempted robbery in the second degree, and sentenced defendant as a second violent felony offender to an indeterminate term of 3 to 6 years of imprisonment, and the order of Supreme Court entered July 26, 1990 which denied defendant's motion pursuant to CPL 440.10 to set aside the sentence pursuant to CPL 440.20, unanimously affirmed.

Defendant's claim that he was not apprised of the fact that the bargained for term would run consecutively with the

unfulfilled time on his prior conviction for attempted second degree murder is not preserved for review as a matter of law. Moreover, were we to reach the issue in the interest of justice, we would affirm. The requirement that defendant's sentence run consecutively was not imposed by the trial court as the product of the plea agreement, but resulted from the statutory mandate set forth in Penal Law § 70.25 as a consequence of defendant's status as a second violent felony offender. No promise was made that defendant's sentence would run concurrently with the balance of his unexpired term, which, as we have noted, would have been impermissible *(cf., People v Davis* 161 AD2d 787, *lv denied* 76 NY2d 939, *with People v Fuller,* 132 AD2d 617).

We also reject defendant's claim of ineffective assistance of counsel. Assigned counsel successfully negotiated a plea which substantially reduced defendant's exposure to imprisonment, and the mere fact that counsel did not engage in some pretrial procedures available to defendant does not, of itself, indicate ineffective assistance of counsel *(People v Nicholls,* 157 AD2d 1004, 1005).

We have considered defendant's remaining arguments and conclude that they are without merit. Concur—Milonas, J. P., Wallach, Kupferman and Smith, JJ.