■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD W. MILLER, SR., Appellant. [632 NYS2d 334] —White, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered April 22, 1993, convicting defendant upon his plea of guilty of the crime of attempted sodomy in the first degree.

Defendant was accused of sexually molesting his stepsister's 10-year-old daughter in the City of Binghamton, Broome County, during the time defendant was living with said stepsister and the child in August 1992. The complaint was made by the stepsister to the Binghamton police on September 13, 1992, and the following day defendant voluntarily appeared at the Binghamton police station and asked to see the detective who was handling the matter. The detective met with defendant, advised him of his *Miranda* rights, which defendant waived, and then informed him of the particulars of the complaint. During their brief conversation, defendant agreed to talk without an attorney and denied all of the accusations. In addition, he requested a "lie detector test" and after being told that he would be contacted by the District Attorney's office concerning the test, defendant left the police station.

Several weeks later an appointment was made and on October 9, 1992, defendant went to the District Attorney's office where he met an investigator who was to administer a "psychological stress evaluation" test, also known as a "voice stress evaluation" test (hereinafter PSE). Defendant was given and waived his *Miranda* rights and the investigator, a trained operator who had been conducting these tests since 1984, explained the test procedure to defendant and advised him that the results would not be admissible in court. The PSE consisted of a series of four separate tests and prior to each of these tests, the investigator told defendant what questions would be asked. When the testing was completed, the investigator advised defendant that he appeared to have stress in

answering certain questions and, responding to a question from defendant, indicated that he would advise the detective of the test results. Defendant stated that he would contact the detective as well, and although the investigator suggested discussing the allegations further, defendant left to keep a prior appointment.

During the evening of October 10, 1992, defendant returned to the police station to talk to the detective. He was given *Miranda* warnings at approximately 8:15 P.M., and again waived his rights and agreed to speak to the detective without an attorney present. In response to defendant's questions, he was advised that the results of the PSE test were not admissible in court and that the detective was unable to tell defendant at that time if he would be arrested. The detective indicated that he believed defendant had sexual contact with his stepsister's daughter and after brief questioning, defendant made oral admissions which were then reduced to writing and signed by defendant at approximately 10:00 P.M.

A suppression hearing was held and County Court denied defendant's motion to suppress either the oral or written statement. Defendant subsequently pleaded guilty to one count of attempted rape in the first degree pursuant to a plea bargain with the understanding that he would be sentenced as a second felony offender to 4 to 8 years in prison. At sentencing County Court allowed defendant to withdraw his earlier guilty plea and enter a plea of guilty to attempted sodomy in the first degree, subject to the same sentence.

To determine whether there is merit to defendant's contention that his admissions were the product of coercion or deception and should have been suppressed, we must examine the particular circumstances of the case (*see, People v Tarsia,* 50 NY2d 1). In this case, no misrepresentations were made to defendant that the results could be used in a trial or that the PSE test was omniscient. In addition, there was no showing of coercion, physical or otherwise, to induce defendant to take the test (*see, People v Tarsia, supra; People v Fisch,* 175 AD2d 926, *lv denied* 79 NY2d 856; *People v Knighton,* 91 AD2d 1077). Although defendant was given a PSE test rather than the "lie detector test" he requested, there is no indication that his confession was the result of egregious police tactics, that his will was overcome or that the investigator made any misrepresentations about the PSE test, and thus we find no fundamental unfairness sufficient to deny defendant due process (*see, People v Deskovic,* 201 AD2d 579, *lv denied* 83 NY2d 1003; *People v Riggins,* 161 AD2d 813, *lv denied* 76 NY2d 863). Given

defendant's voluntary visits to the police station, his repeated waiver of his *Miranda* rights, his participation without objection in the PSE test and his extensive prior experiences with the criminal justice system, we concur with the conclusion of County Court that defendant's confession was voluntary and admissible (*see, People v Butler*, 201 AD2d 662, *lv denied* 83 NY2d 1002; *People v Robinson*, 201 AD2d 931, *lv denied* 83 NY2d 875; *People v Jordan*, 193 AD2d 890, *lv denied* 82 NY2d 756).

Defendant also argues that his decision to enter a guilty plea rather than proceed to trial was a result of ineffective assistance of counsel. A review of the record indicates that defendant's counsel engaged in pretrial motion practice, obtained discovery of materials from the District Attorney's office and conducted a vigorous pretrial suppression hearing. He also negotiated a favorable plea agreement on behalf of defendant which substantially reduced defendant's exposure to more lengthy imprisonment as a second felony offender. Thus, there is no indication that defendant was inadequately represented by counsel under the accepted standards (*see, People v Baldi*, 54 NY2d 137; *People v Johnson*, 183 AD2d 573, *lv denied* 80 NY2d 905; *People v Nicholls*, 157 AD2d 1004).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.