■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GAGLIARDI, Appellant. [649 NYS2d 214] —Mikoll, J. P. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered May 19, 1994, upon a verdict convicting defendant of the crime of attempted murder in the second degree.

The events underlying this matter involve an attack on an eight-year-old child by defendant, her cousin, who was 16 years old at the time. Defendant was babysitting the victim and her brother when the attack occurred on June 12, 1993 in the Village of Hoosick Falls, Rensselaer County. The child's throat was cut from ear to ear, she was stabbed several times and suffered other egregious bruises to her face and body. Defendant's role in the attack is not contested. At issue, however, is the sufficiency of the evidence convicting defendant of the crime. Defendant contends that intent on his part to commit the act was negated by his severe intoxication on the night in question.

Defendant testified that he had consumed eight cans of beer that night and felt lightheaded and drunk, and that he fell asleep on the couch only to be awakened by his aunt who had found the bloodied victim. Defendant testified that he did not recall the assault at all. The record discloses that the assault occurred sometime after the victim retired to her bedroom. When the police arrived at the scene, defendant was described as not being intoxicated. Testimony disclosed that he had showered after the assault, stuffed the knife used in the crime in a pillow of a chair located on the side porch of the premises and changed clothes. His blood-stained shorts were found underneath the couch. He also attempted to clean up the victim's blood with a towel found on the premises after the assault. Defendant said that when he awoke and found the victim cut and bloodied, he had no recollection of being the perpetrator.

To be found guilty of attempted murder in the second degree, the proof must show that defendant intentionally attempted to cause the victim's death (*see*, Penal Law §§ 110.00, 125.25 [1]). The legal sufficiency of a jury verdict is established when "there is any valid line of reasoning and permissible inferences

which could lead a rational person to the conclusion reached by the jury \* \* \* and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]). Viewing the proof in the light most favorable to the People (*see, People v Thompson*, 72 NY2d 410, 413), we find defendant did in fact commit the crime and that the weight of the evidence supports the conclusion that defendant was not so intoxicated as to negate intent. The jury, exercising its fact-finding function in this regard, chose not to credit his version of the evidence. As the trier of fact, the resolution of whether defendant was so intoxicated as to negate intent lay in the jury's domain (*see, People v Danaher*, 115 AD2d 905, 906).

Also at issue is defendant's admission of the crime after being given his *Miranda* warnings. This statement, it is claimed, was made while defendant was still intoxicated. Defendant contends that County Court erred in failing to suppress the statement. As to this issue, it is settled that "for a statement to be suppressed because the defendant was intoxicated when it was made, the degree of inebriation must have risen to the level of mania" (*People v Merrick*, 188 AD2d 764, 765, *lv denied* 81 NY2d 889). In addition, the factual findings of the suppression court are entitled to great weight and will not be set aside unless clearly erroneous (*see, People v Prochilo*, 41 NY2d 759, 761). The People's witnesses indicated that defendant was not disoriented in any way or intoxicated when he gave his statement to the police. He gave appropriate responses to the *Miranda* rights given him. We thus conclude that County Court did not err in determining that defendant's statements were voluntarily made.

Defendant also urges that County Court erred in permitting photographs of the victim and the crime scene into evidence as too inflammatory. Specifically, he objects to pictures which show a blood-stained mattress and floor, as well as photos of the victim. In addition, he objects to the admission of a blood-soaked towel and the victim's dress. Defendant claims that these items were not relevant and their probative force was outweighed by their prejudicial value.

"Evidence is relevant if it has any tendency in reason to prove the existence of any material fact" (*People v Scarola*, 71 NY2d 769, 777). Applying this principle to each of the items objected to, we conclude that they were properly admitted into evidence. Admission of the towel used to clean up blood suggests defendant's attempt to cover up the crime, which belies his contention that he was not conscious as to what happened.

It constituted relevant evidence and was properly admitted. The photographs of the victim were relevant to prove the life-threatening injuries sustained by her and were also properly admitted.

The pictures of the bloody scene all support the testimony of witnesses as to how the scene of the crime appeared and were thus also properly admitted. The admission of the victim's bloody dress was also relevant to support the victim's testimony that she was dressed when first attacked although she was found to be naked, covered by a sheet, when the police found her.

We decline to address objections raised by defendant as to other evidentiary rulings made by County Court. Defendant's contentions are without merit and, to the extent that minor errors may have occurred, any such errors are harmless in view of the overwhelming proof of guilt (*see, People v Crimmins,* 36 NY2d 230, 242).

We decline, as well, to intervene in the sentence imposed on defendant in the absence of an abuse of discretion or extraordinary circumstances (*see, People v Ambrose,* 160 AD2d 1097, 1097-1098, *lv denied* 76 NY2d 784).

Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.