■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YUSEF SUDAN, Appellant. [748 NYS2d 415] —Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered October 1, 1999 in Albany County, upon a verdict convicting defendant of the crime of assault in the second degree.

Following a jury trial, defendant was convicted as charged of assault in the second degree for his actions in the City of Albany shortly after midnight on February 3, 1999 in repeatedly beating Allinden Dickson with a metal pipe and wooden crutch (*see* Penal Law § 120.05 [2] [intentionally causing physical injury by means of a dangerous instrument]). Dickson testified that while babysitting the child of a friend, April Griffin, in

her second-floor apartment, he left to retrieve Griffin who was socializing at defendant's apartment in a building nearby; upon opening the door, defendant threatened Dickson and then pursued him back to Griffin's apartment, where defendant began beating Dickson in the head with a wooden crutch, which ultimately broke. Dickson fled out of the apartment and down the stairs yelling for someone to call the police, while defendant continued beating him with a two foot long metal pipe until a tenant opened his door, prompting defendant to flee outside. Dickson, bleeding heavily from his head wounds, ran to a cousin's apartment around the corner. An ambulance was summoned and Dickson was treated at a local hospital for a closed head injury and scalp lacerations. A witness on the street had observed defendant chase Dickson into Griffin's building and, minutes later, saw Dickson in the hallway bleeding and defendant fleeing. Griffin testified that she returned to her apartment where she observed defendant strike Dickson in the head with the crutch and punch him, at which point she took her daughter and fled the apartment. The downstairs neighbor also testified to observing Dickson fleeing from defendant and to defendant punching Dickson repeatedly while Dickson begged defendant to stop.

Upon his conviction, defendant was sentenced as a persistent violent felony offender to the minimum indeterminate sentence of 12 years to life imprisonment. Defendant appeals raising several issues, none of which supports disturbing the judgment of conviction.

Initially, while defendant had a statutory right to be present during side bar questioning of prospective jurors on matters of bias or prejudice (*see* CPL 260.20; *People v Vargas*, 88 NY2d 363, 375; *People v Antommarchi*, 80 NY2d 247, 250), defendant voluntarily and knowingly waived this right (*see People v Vargas, supra* at 375-376; *People v Spotford*, 85 NY2d 593; *People v Mitchell*, 80 NY2d 519, 525). Further, Supreme Court's directive that defendant was to be accompanied by security personnel if he chose to approach the bench, to which defendant did not register an objection, was not an abuse of discretion in light of defendant's criminal history, and this did not alter the efficacy of his waiver of his right to be present at the bench or render it the product of coercion (*see People v Pondexter*, 88 NY2d 363, 376-377; *La Rocca v Lane*, 37 NY2d 575, *cert denied* 424 US 968; *People v Riley*, 292 AD2d 822, 823, *lv denied* 98 NY2d 640; *see also* 22 NYCRR 700.5 [a], [d]).

Next, Supreme Court properly declined defendant's request to charge assault in the third degree (*see* Penal Law

§ 120.00 [1], [2]) because there was no reasonable view of the evidence at trial to support either a finding that defendant acted recklessly rather than intentionally, or a finding that he intentionally caused Dickson's physical injuries by means other than dangerous instruments (*see People v Heide*, 84 NY2d 943, 944; *People v Glover*, 57 NY2d 61, 63-64; *cf. People v Van Norstrand*, 85 NY2d 131, 135-136; CPL 300.50 [1]; Penal Law § 10.00 [13]). Neither the fact that the weapons were not introduced at trial (*see People v Vincent [Jumont]*, 231 AD2d 444, 445, *lvs denied* 89 NY2d 925, 931), nor the fact that the eyewitnesses did not observe all aspects of the assault alters this conclusion.

Defendant also contends that Griffin's testimony elicited on direct examination—that after she left her child with Dickson on the evening in question, she went around the corner to get drugs with defendant—required Supreme Court to issue a prompt curative instruction and to strike this testimony or grant his motion for a mistrial. Defense counsel did not request a prompt curative instruction, and we perceive no improvidence in the court's denial of defendant's motion to strike and for a mistrial, finding Griffin's isolated, albeit unnecessary, remark that defendant accompanied her to buy drugs did not deprive defendant of a fair trial (*see* CPL 280.10 [1]; *Burton v State of New York*, 283 AD2d 875, 877-878). In denying defendant's motion, the court admonished the prosecutor that the People should have sought an advance ruling on this testimony but that, in the court's discretion, it probably would have allowed this limited testimony; the court provided a limiting instruction in its charge to the jury that this testimony was merely background information, that it is not illegal to be in the presence of someone who obtains drugs and that no adverse inferences were to be drawn against defendant from this testimony. We perceive no error.

Although defendant did not preserve many of his claims regarding the propriety of certain aspects of the prosecutor's summation, we have reviewed the prosecutor's summation as a whole and Supreme Court's several curative instructions and conclude that while the prosecutor improperly attempted to appeal to the jurors' prejudices and emotions and to personalize the case, the remarks were not so prejudicial as to deprive defendant of a fair trial (*see People v Wright*, 283 AD2d 712, 714, *lv denied* 96 NY2d 926). Likewise, defense counsel's failure to object in certain instances did not constitute a denial of meaningful representation (*see People v Baldi*, 54 NY2d 137, 138).

Addressing defendant's claims directed at his sentencing as

a persistent violent felony offender (*see* Penal Law § 70.08) to 12 years to life imprisonment, we find no error or abuse of discretion. Following a hearing pursuant to CPL 400.16, Supreme Court determined that: (1) the present offense is a violent felony offense (*see* Penal Law § 70.08 [1] [a]; § 70.02 [1] [c]); (2) defendant had previously been convicted of two predicate violent felonies as defined by Penal Law § 70.04 (1) (b), consisting of a 1994 conviction in this state of assault in the second degree, a class D violent felony (Penal Law § 70.02 [1] [c]; § 70.04 [1] [b] [i]; § 120.05), which defendant did not controvert and the People met their burden of proving, and a 1980 conviction in South Carolina for voluntary manslaughter (*see* SC Code Ann § 16-3-50), for which a sentence of 21 years was imposed which is analogous to manslaughter in the first degree under Penal Law § 125.20 (2), a class B violent felony offense (Penal Law § 70.02 [1] [a]; § 70.04 [1] [b] [i]), which defendant contested; and (3) the People proved the remaining requirements for sentencing as a persistent violent felony offender (Penal Law § 70.04 [1] [b] [i]-[v]; § 70.08 [1]). The People submitted fingerprint comparison evidence and testimony proving that it was defendant who was convicted in South Carolina in 1980 under an alias and that the out-of-state judgment of conviction has a New York equivalent (*see* Penal Law § 70.04 [1] [b] [i]; *see also People v Gonzalez*, 61 NY2d 586; *People ex rel. Goldman v Denno*, 9 NY2d 138; *People ex rel. Gold v Jackson*, 5 NY2d 243; *People v Olah*, 300 NY 96; Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 70, at 345). Further, the proof established that defendant had been incarcerated for approximately 11½ years since the 1980 conviction, excluding that time under the tolling provision, thereby bringing the 1980 predicate to within 10 years of the present 1999 felony (*see,* Penal Law § 70.04 [1] [b] [v]). Thus, we find no error where Supreme Court imposed the minimum indeterminate term of imprisonment (*see* Penal Law § 70.08 [2], [3] [c]).

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.