■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS BRIDGES, Appellant. [791 NYS2d 228]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered December 19, 2002 in Albany County, upon a verdict convicting defendant of the crimes of assault on a police officer, reckless endangerment in the second degree and criminal possession of stolen property in the fifth degree.

Defendant was observed by the police driving a white van the wrong way on a one-way street in the City of Albany. When defendant failed to stop, a high-speed chase through the streets ended when defendant, after causing two other police vehicles to swerve out of his way, collided head on with a marked police car, seriously injuring the officer operating that car. Defendant was found to be in possession of a laptop computer (on the floor of the van) and a necklace (in his pants pocket), both of which were fruits of a burglary committed earlier that evening. After a jury trial, defendant was convicted of assault on a police officer, reckless endangerment in the second degree and criminal possession of stolen property in the fifth degree. Sentenced as a persistent felon to an aggregate prison term of 25 years to life, defendant makes three appellate arguments.

Defendant first argues that County Court (Breslin, J.) erred by not suppressing his two incriminating statements because they were obtained through the use of false promises. This factual issue is to be determined from the totality of the circumstances (*see People v Miller*, 244 AD2d 828, 828 [1997]). Where, as here, conflicting evidence is presented, the suppression court makes credibility determinations (*see People v Aldrich*, 243 AD2d 856, 856-857 [1997], *lv denied* 91 NY2d 888 [1998]) and its factual determinations "are entitled to great weight and will not be set aside unless clearly erroneous" (*People v Gagliardi*, 232 AD2d 879, 880 [1996]). While an involuntary statement can include one that has been obtained by a promise (*see People v Chase*, 85 NY2d 493, 500 [1995]; *see also* CPL 60.45), "[t]he mere making of a promise will not automatically invalidate a confession" (*People v Ward*, 241 AD2d 767, 769 [1997], *lv denied* 91 NY2d 837 [1997]; *see People v Richardson*, 202 AD2d 958, 958 [1994], *lv denied* 83 NY2d 914 [1994]). Rather, the test is whether the police conduct was such as to overbear the defendant's will (*see People v Ward, supra* at 769; *People v Richardson, supra* at 958).

Here, *after* defendant had voluntarily agreed to speak with a detective, the detective admitted that he told defendant that since he was cooperative, he would speak to the District Attorney on defendant's behalf, but could make no promises. Defendant testified that the detective twice told him that, in return for his statement, he would get only one year in jail. Under the totality of the circumstances presented by this record, we find no basis upon which to disturb County Court's credibility determinations nor to find that the police conduct was sufficient to overbear defendant's will.

Next, defendant claims that Supreme Court erred in denying his CPL 330.30 motion to set aside the verdict asserting initially that the evidence is legally insufficient. In reviewing this challenge, we are required to view the evidence in a light most favorable to the prosecution and determine whether any valid line of reasoning, together with permissible inferences supported by the evidence, could lead any rational person to the conclusion reached by the jury (*see People v Bleakley*, 69 NY2d 490, 495-496 [1987]; *People v Denis*, 276 AD2d 237, 240 [2000], *lvs denied* 96 NY2d 782, 861 [2001]). Defendant's sole assertion in this regard is that he did not cause the collision between his vehicle and the police car. This argument addresses only the convictions for assault on a police officer and reckless endangerment in the second degree, and whether defendant actually caused the collision is not germane to these charges. Under neither

charge are the People required to prove that defendant intentionally caused the collision, the necessary proof as to the first charge being only that defendant intended to prevent the police officer from performing a lawful duty and serious injuries resulted, and as to the second charge, that defendant's conduct created substantial risk of serious physical injury to another person. The totality of defendant's conduct is a sufficient predicate for the jury's conclusion that each element of these charges was proven beyond a reasonable doubt (*see People v Contes*, 60 NY2d 620, 621 [1983]). The balance of defendant's contentions relate either to weight of the evidence, which is not a basis under CPL 330.30 to set aside the verdict (*see People v Carter*, 63 NY2d 530, 536 [1984]), were not properly preserved for our review (*see* CPL 470.05 [2]), or are otherwise without merit.

Finally, defendant's challenge to his sentence as being harsh and excessive is unavailing. The sentence will not be disturbed absent a clear abuse of discretion or extraordinary circumstances warranting modification (*see People v Mitchell*, 289 AD2d 776, 780 [2001], *lv denied* 98 NY2d 653 [2002]; *People v Dolphy*, 257 AD2d 681, 685 [1999], *lv denied* 93 NY2d 872 [1999]). Given Supreme Court's consideration of the circumstances of the crimes involved and defendant's criminal history dating back to 1972, we find no error in the sentence imposed (*see People v Sudan*, 298 AD2d 620, 623 [2002], *lv denied* 99 NY2d 620 [2003]). Defendant's challenge to the persistent felony offender finding under *Blakely v Washington* (542 US 296 [2004]) is unpreserved as it is raised for the first time on appeal (*see People v Rosen*, 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]).

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.