■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUSTAVO A. BERUMEN, Appellant. [846 NYS2d 820]—

Kane, J. Appeal from a judgment of the County Court of Cortland County (Ames, J.), rendered March 28, 2006, upon a verdict convicting defendant of the crimes of sodomy in the second degree and endangering the welfare of a child.

At the request of city police officers, defendant accompanied them to the police station. After an officer advised defendant of his *Miranda* rights and began questioning him, defendant offered to take a polygraph examination. Arrangements were made and defendant accompanied the officers on the one-hour ride to a State Police barracks where the examination would be administered. A State Police investigator read defendant his *Miranda* rights, administered the examination, and then began questioning him. The examination and questioning were videotaped. During the questioning, after the investigator accused defendant of lying, defendant admitted that he put his penis in the victim's mouth on one occasion but denied other sexual conduct.

Upon returning to the city police station, the officers again advised defendant of his *Miranda* rights and began questioning him, culminating in a written statement in which defendant again admitted to one act of oral sex with the victim. A grand jury handed up a 10-count indictment related to defendant's sexual conduct with the victim. After a *Huntley* hearing, County Court denied defendant's motion to suppress his oral and written statements. Following a trial, where defendant's written statement and a redacted version of the videotape were admitted into evidence, the jury acquitted defendant of most of the charges, but convicted him of sodomy in the second degree and endangering the welfare of a child. Defendant appeals.

We affirm. Defendant was given *Miranda* warnings twice prior to his first statement and three times prior to his written statement, and he waived those rights each time. He was provided with food and beverages, was not handcuffed or locked in any room, and was not placed under arrest until after he made his written statement. He freely accompanied the officers to the police station, he suggested the polygraph examination and he voluntarily made the one-hour trip to the State Police barracks. The police are permitted to lie or use some deceptive methods in their questioning as long as "the deception was [not] so fundamentally unfair as to deny due process" (*People v Tarsia*, 50 NY2d 1, 11 [1980]). The limited use of those tactics here was not so extensive as to induce a false confession or overcome defendant's will, which would render defendant's statements

inadmissible (*see People v Brown*, 39 AD3d 886, 887 [2007], *lv denied* 9 NY3d 873 [2007]; *People v Becker*, 288 AD2d 766, 768 [2001], *lv denied* 97 NY2d 751 [2002]). In fact, the investigator did not lie about the polygraph examination's accuracy, its admissibility at trial, or his interpretation of the results that defendant was lying (*see People v Tarsia*, 50 NY2d at 11; *People v Miller*, 220 AD2d 902, 903 [1995], *lv denied* 88 NY2d 882 [1996]). As defendant's statements were made voluntarily, after he was advised of and waived his rights and without any threats or promises which would overcome his will, County Court properly denied defendant's suppression motion (*see People v Sobchik*, 228 AD2d 800, 802-803 [1996]; *see also People v Lyons*, 4 AD3d 549, 552 [2004]; *People v Ward*, 241 AD2d 767, 769 [1997], *lv denied* 91 NY2d 837 [1997]).

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.