Appeal and cross appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered September 12, 2006. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (two counts), arson in the third degree, criminal possession of a weapon in the third degree and criminal trespass in the third degree and set aside the verdict convicting defendant of assault on a police officer and dismissed count two of the indictment.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals and the People cross-appeal from a judgment convicting defendant upon a jury verdict of various crimes, including arson in the third degree (Penal Law § 150.10 [1]) and two counts of assault in the second degree (§ 120.05 [2], [3]). Although the jury had also convicted defendant of assault on a police officer (§ 120.08), County Court granted defendant’s CPL 330.30 motion to set aside the verdict on that count of the indictment.
Contrary to the contention of the People on their cross appeal, we conclude that the court properly granted defendant’s CPL 330.30 motion. A person is guilty of assault on a police officer when, “with intent to prevent a . . . police officer . . . from performing a lawful duty, he [or she] causes serious physical injury to such . . . police officer” (Penal Law § 120.08 [emphasis added]). Pursuant to the express terms of the statute, defendant must cause serious physical injury to the same police officer whom the defendant is attempting to prevent from performing his or her lawful duty. The evidence at trial established that *1196 defendant was acting with the intent to prevent certain police officers from entering a hotel room through a door but that a different police officer was injured while attempting to enter the hotel room through a window. We therefore conclude that the evidence is legally insufficient to support the conviction of assault on a police officer (see generally People v Campbell, 72 NY2d 602, 604-605 [1988]; People v Bridges, 16 AD3d 911, 912-913 [2005], lv denied 4 NY3d 884 [2005]).
In addressing defendant’s appeal, we conclude that the evidence is legally sufficient to support the conviction of two counts of assault in the second degree (Penal Law § 120.05 [2], [3]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The testimony at trial established that defendant struck a second police officer’s nose with a piece of wood, causing that police officer to sustain a physical injury. The police officer testified that it felt as if his nose had been broken, that it hurt to breathe and that there was constant soreness in the area that had been struck. The police officer further testified that, although he finished his shift and went on vacation, he went to the emergency room several days later because “it hurt to sleep” and there was a “pretty constant pain” in his nose. “[P]ain is subjective and different persons tolerate it differently” (People v Guidice, 83 NY2d 630, 636 [1994]), and we conclude that the testimony of the police officer and his medical records constitute legally sufficient evidence to establish that he suffered “substantial pain” and thus sustained a physical injury within the meaning of Penal Law § 10.00 (9) (see People v Gerecke, 34 AD3d 1260, 1261 [2006], lv denied 7 NY3d 925 [2006]; People v Goico, 306 AD2d 828, 828-829 [2003]).
Contrary to the further contention of defendant, the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). “ ‘[W]here[, as here,] conflicting expert testimony is presented, the question of whether or not the defendant suffered from a mental disease or defect at the time of the commission of the crime is primarily for the trier of fact, who has the right to accept or reject the opinion of any expert’ ” (People v Hernandez, 46 AD3d 574, 576 [2007], lv denied 11 NY3d 737 [2008]; see People v Amin, 294 AD2d 863 [2002], lv denied 98 NY2d 672 [2002]).
Defendant further contends that the court erred in denying his request to charge arson in the fourth degree (Penal Law § 150.05 [1]) as a lesser included offense of arson in the third degree. We conclude, however, that there is no reasonable view of the evidence that would support a finding that defendant committed the lesser offense but not the greater offense (see *1197 generally CPL 300.50 [1]; People v Glover, 57 NY2d 61, 63-64 [1982]). Defendant failed to preserve for our review his contention that the court erred in setting the duration of the order of protection (see People v Nieves, 2 NY3d 310, 315-317 [2004]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Sterrett, 53 AD3d 1098 [2008]). Finally, we conclude that the sentence is not unduly harsh or severe. Present — Hurlbutt, J.E, Centra, Fahey, Pine and Gorski, JJ.