■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL MCLEAN, Appellant. [875 NYS2d 283]—

Peters, J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered January 30, 2008, convicting defendant upon his plea of guilty of the crimes of murder in the second degree (two counts), attempted robbery in the first degree (three counts), criminal possession of a weapon

in the second degree (three counts), criminal possession of a weapon in the third degree (six counts), conspiracy in the fourth degree and criminal mischief in the third degree.

In August 2003, defendant, represented by assigned counsel Steven Kouray, pleaded guilty to one count of robbery in the second degree in full satisfaction of three pending indictments. As part of the plea agreement, the People agreed to recommend a reduced sentence if defendant provided meaningful information regarding an unrelated murder. Accordingly, in October 2003, defendant and Kouray met with detective John Sims of the City of Schenectady Police Department, during which time defendant provided information concerning the murder. The People ultimately concluded that the information provided by defendant was not meaningful and, for the most part, false. Defendant was then sentenced to 12 years in prison for the robbery conviction.

In December 2006, Sims and detective Michael Brown met with defendant at the correctional facility where he was serving his sentence for the robbery conviction. Sims informed defendant that Antoan Baker had made a statement implicating him in the murder and extended a plea offer to defendant on behalf of the Schenectady County District Attorney in exchange for his cooperation in the murder investigation. After being advised of his *Miranda* rights, defendant provided an incriminating written statement concerning the murder.

Defendant and Baker were subsequently charged in a 16-count indictment with, among other things, two counts of murder in the second degree. At arraignment, the Conflict Defender's Office was assigned to represent defendant on these charges. Following a *Huntley* hearing, a Judicial Hearing Officer (hereinafter JHO) denied defendant's motion to suppress his written statement as involuntary. Defendant thereafter pleaded guilty to all counts of the indictment and was sentenced, as a second felony offender, to an aggregate prison term of 21 years to life, to run consecutively with the sentence he was then serving. Defendant now appeals.

Defendant claims that his written statement should be suppressed because it was obtained by a police promise that rendered it involuntary under statutory standards, in that the promise created a substantial risk that he might falsely incriminate himself (*see* CPL 60.45 [2] [b] [i]). Whether such a promise was made is a question of fact (*see People v Bridges*, 16 AD3d 911, 912 [2005], *lv denied* 4 NY3d 884 [2005]) and the suppression court's factual determination on this issue is " 'entitled to great weight and will not be set aside unless clearly errone-

ous' " (*id.*, quoting *People v Gagliardi*, 232 AD2d 879, 880 [1996]; *see People v Prochilo*, 41 NY2d 759, 761 [1977]).

At the suppression hearing, the testimony of Sims and Brown concerning the terms of the plea offer that they conveyed to defendant conflicted with defendant's version of the event. Such conflicting testimony presented a credibility determination for the factfinder to resolve (*see People v Cleveland*, 257 AD2d 689, 691 [1999], *lv denied* 93 NY2d 871 [1999]; *People v Engert*, 202 AD2d 1023, 1024 [1994], *lv denied* 83 NY2d 910 [1994]), and we find no basis upon which to disturb the JHO's decision to credit the testimony of Sims and Brown over that of defendant (*see People v Button*, 56 AD3d 1043, 1044 [2008]; *People v Bermudez*, 31 AD3d 968, 968 [2006], *lv denied* 8 NY3d 944 [2007]). As the record supports the JHO's factual finding that the specific promise alleged by defendant was never made, defendant's contention that his written statement was induced by such promise must fail.

Nor do we find that defendant's statement was involuntary under constitutional standards (*see* CPL 60.45 [2] [b] [ii]; *Arizona v Fulminante*, 499 US 279 [1991]). The overall period of questioning was not long in duration, no threats were uttered and defendant was not subjected to physical abuse or mistreatment. As previously noted, defendant was informed of his *Miranda* rights and waived them, and he specifically testified that the statement he gave was entirely truthful and was made, in part, due to his willingness to assist the police in finding the individuals who took part in the murder. Significantly, defendant had extensive experience in the criminal justice system (*see People v Ward*, 241 AD2d 767, 769 [1997], *lv denied* 91 NY2d 837 [1997]; *People v Sobchik*, 228 AD2d 800, 802 [1996]; *People v Miller*, 220 AD2d 902, 904 [1995], *lv denied* 88 NY2d 882 [1996]). Examining the totality of the circumstances presented by this record, we find that the conduct of Sims and Brown was not "such as to overbear the defendant's will" and, therefore, his written statement was voluntary (*People v Bridges*, 16 AD3d at 912; *see People v Ward*, 241 AD2d at 769; *People v Richardson*, 202 AD2d 958, 958 [1994], *lv denied* 83 NY2d 914 [1994]). Accordingly, the suppression motion was properly denied.

Defendant also contends that his written statement must be suppressed because it was obtained in violation of his right to counsel. Specifically, defendant argues that his right to counsel with respect to the murder investigation indelibly attached when, as part of the 2003 plea agreement in the unrelated robbery matter, Kouray appeared with him to provide information

to police regarding the murder. However, defendant failed to raise this claimed deprivation of his constitutional right to counsel at the trial court level. While this failure does not necessarily foreclose defendant from raising this issue on appeal (*see People v Kinchen*, 60 NY2d 772, 773 [1983]; *People v Sanders*, 56 NY2d 51, 66 [1982]; *People v Samuels*, 49 NY2d 218, 221 [1980]), " 'appellate review is precluded where . . . the record does not contain sufficient facts to permit such review' " (*People v Berezansky*, 229 AD2d 768, 772 [1996], *lv denied* 89 NY2d 919 [1996], quoting *People v Farinaro*, 110 AD2d 653, 656 [1985]; *see People v Kinchen*, 60 NY2d at 773-774; *People v Charleston*, 54 NY2d 622, 623 [1981]; *People v De Mauro*, 48 NY2d 892, 893 [1979]). Notably, Kouray did not testify at the suppression hearing and, upon our review of the evidence that was presented, we find that the record is bereft of material evidence sufficient to permit appellate review of this claim (*see People v Kinchen*, 60 NY2d at 773-774; *People v Brown*, 286 AD2d 960, 961 [2001], *lv denied* 97 NY2d 679 [2001]).

We have considered defendant's additional assertions of error and find them without merit.

Mercure, J.P., Kane, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.