■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN RODGERS DAVIS, Appellant. [898 NYS2d 715]—

Kavanagh, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered January 9, 2009, convicting defendant upon his plea of guilty of the crime of rape in the third degree.

In July 2008, defendant was charged by indictment with rape in the third degree and other crimes, all based upon an allegation that he provided a 16-year-old girl with alcohol and had sexual relations with her. After his motion to suppress a statement he gave to the police was denied by County Court, defendant pleaded guilty to rape in the third degree in satisfaction of all charges pending against him in the indictment. Prior to sentencing, defendant moved to withdraw his plea claiming that he was innocent of any wrongdoing. County Court denied the motion and imposed a two-year prison sentence, plus 10 years of postrelease supervision. Defendant now appeals, claiming that he did not receive the effective assistance of counsel and

County Court erred by denying his motion to suppress, refusing his request for new counsel and by imposing a sentence that did not comply with the terms of the plea agreement.

Defendant initially claims that once he filed complaints against the Public Defender with the Committee on Professional Standards, County Court should have assigned new counsel to represent him. However, we note that defendant, when he first complained about the Public Defender, did not notify County Court either in person or by letter that he had filed these disciplinary complaints. More importantly, once the existence of these grievances became known and part of the public record, the Public Defender requested that he be relieved as counsel and new counsel was in fact assigned to represent defendant. It was only after new counsel was assigned that defendant entered his guilty plea. As a result, his claim regarding the Public Defender's conflict of interest—and how it may have compromised his efforts on defendant's behalf—has been rendered moot (*see generally People v Sides*, 75 NY2d 822 [1990]).

We also find that County Court did not err by denying defendant's motion to suppress. Defendant contends that the involvement of his parole officer in the investigation and his presence at police headquarters while defendant was being questioned was so inherently coercive that it served to create a reasonable doubt as to the voluntariness of any statements that defendant made to the police.\* State Trooper Todd McPhail testified that he went to defendant's home with defendant's parole officer and informed defendant that an investigation was being conducted into allegations made against him by the victim. Defendant agreed to return to police headquarters and, upon their arrival, defendant and McPhail went to an interview room where defendant waived his *Miranda* rights and agreed to answer questions concerning the victim's complaints. The parole officer did not participate in the interview and remained outside the interview room while defendant was being questioned. Some three hours later, defendant signed a written statement that was the subject of his motion to suppress. No evidence has been presented that the parole officer in any way participated in the interview or provided defendant with any advice or sought to convince him that he ought to waive his constitutional right against self-incrimination and cooperate with the police (*see People v Jackson*, 101 AD2d 955, 955 [1984]). Moreover, a review of the circumstances under which the state-

---

\* Defendant was on parole as a result of his conviction for criminal possession of a controlled substance in the third degree.

ment was taken (*see People v Pouliot*, 64 AD3d 1043, 1044 [2009], *lv denied* 13 NY3d 838 [2009]; *People v McLean*, 59 AD3d 861, 863 [2009], *lv granted* 12 NY3d 927 [2009]) established that it was voluntarily made after defendant knowingly and intelligently waived his constitutional rights. As a result, his motion to suppress this statement was properly denied (*see People v Culver*, 69 AD3d 976, 977 [2010]; *People v Berumen*, 46 AD3d 1019, 1021 [2007], *lv denied* 10 NY3d 808 [2008]; *People v Baker*, 27 AD3d 1006, 1008 [2006], *lv denied* 7 NY3d 785 [2006]).

Finally, we do not agree that defendant was denied the effective assistance of counsel. Specifically, defendant claims that the Public Defender did not immediately seek to be relieved from representing him once he learned that defendant had filed complaints against him with the Committee on Professional Standards and, as a result, defendant was deprived of the meaningful assistance of counsel during a critical period in the underlying proceedings. However, the record establishes that the Public Defender sought to be relieved within days of learning of the existence of these complaints. Moreover, we note that the Public Defender, while he represented defendant, filed timely pretrial motions on his behalf, competently represented his interests at the hearing on defendant's motion to suppress and obtained a favorable plea agreement that defendant chose to reject. Viewing the representation that defendant received throughout these proceedings—including that provided by new counsel at the time defendant entered his guilty plea—we are of the view that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Jackson*, 67 AD3d 1067, 1069 [2009]; *People v Carmona*, 66 AD3d 1240, 1242 [2009]).

However, we do agree that County Court erred in the sentence that it ultimately imposed upon defendant. In the plea agreement accepted by defendant and approved by the court, it was agreed that defendant could choose between serving 2½ years in prison plus five years of postrelease supervision, or two years in prison plus 10 years of postrelease supervision. After defendant chose the former option, County Court sentenced him to two years in prison plus 10 years of postrelease supervision. Since defendant did not receive the agreed-upon sentence, we must, as the People concede, vacate the sentence imposed by County Court and remit the matter for resentencing in accord with the terms of the plea agreement.

Cardona, P.J., Peters, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating

the sentence imposed; matter remitted to the County Court of Washington County for resentencing; and, as so modified, affirmed.